UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ONPOWER, INC. and THOMAS ESCH,

    Plaintiffs,

v.                                            Case No: 2:15-cv-796-FtM-99MRM

UNITED POWER LINE CONTRACTORS,
LLC and RYAN FARRIS,

    Defendants.

## REPORT AND RECOMMENDATION
## TO THE UNITED STATES DISTRICT COURT

    This cause comes before the Court on Plaintiffs' Renewed Motion for Entry of Default Judgment against Ryan Farris (Doc. 16) filed on March 18, 2016.

### I.    Background

    On December 23, 2015, Plaintiffs OnPower, Inc. ("OnPower") and Thomas Esch brought this action to enforce a settlement agreement entered into by Plaintiffs and Defendants, United Power Line Contractors, LLC ("UPL") and Ryan Farris. (*See* Doc. 1). Plaintiffs attempted to serve Defendants. (Docs. 6-7). On February 23, 2016, Plaintiffs filed motions for entry of clerk's default against both Defendants. (Docs. 8-9). Six days later, Plaintiffs filed a Motion for Entry of Default Judgment as to both Defendants. (Doc. 10). The Court, however, denied the Motion for Entry of Default Judgment as premature because a clerk's default had not yet been entered against either Defendant. (Doc. 11).

    Subsequently, the Court found that service was properly effectuated as to Defendant Ryan Farris and granted the motion for entry of clerk's default as to Farris. (Doc. 14 at 2). However, because Plaintiffs had not shown that service was properly effectuated as to Defendant

UPL, the Court denied Plaintiffs' motion for entry of clerk's default as to UPL.  (*Id.* at 3).  On March 16, 2016, the Clerk of Court entered default against Ryan Farris.  (Doc. 15).  Plaintiffs filed the present renewed Motion for default judgment only as to Ryan Farris.  (Doc. 16 at 1).  Because Plaintiffs did not provide the Court with the exhibits referenced in their Complaint, the Court ordered Plaintiffs to submit those exhibits via a Notice of Filing.  (Doc. 17 at 1).  On May 9, 2016, the Court filed an Amended Order (Doc. 19) clarifying the date that Plaintiffs were required to submit the exhibits to the Complaint.   Plaintiffs filed their Exhibits the same day on May 9, 2016.  (Doc. 20).

On April 13, 2016, the Court issued an Order to Show Cause to both Plaintiffs as to why the claims against Defendant UPL should not be dismissed for failure to prosecute.  (Doc. 18 at 1).  At that time, Plaintiffs had not demonstrated to the Court whether any subsequent effort had been undertaken as to Defendant UPL after the Court denied the motion for entry of clerk's default.  (*Id.*).  The Undersigned warned that "[i]f Plaintiffs fail to show sufficient cause, then the Undersigned will recommend that the action as to Defendant United Power Line Contractors LLC be dismissed for failure to prosecute."  (*Id.*).  Plaintiffs failed to timely respond to the Order to Show Cause.[1]

**II. Legal Standard**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2).  *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665, 666 (M.D. Fla. 2015); *see also Directv, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).  The effect of the entry of a default is that all factual

---

[1] Plaintiffs' failure to respond is addressed separately in a contemporaneously filed Report and Recommendation.

allegations in the Complaint are taken as true, save for the amount of unspecified damages. *Cohan*, 309 F.R.D. at 666 (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). "[I]f liability is well-pled in the complaint, it is established by the entry of a default." *Id.*

Default judgment, however, may only be entered "if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment." *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] While the Court "must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-ORL-22-KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendants are not held to admit facts that are not well-pled or to admit conclusions of law. *Nishimatsu*, 515 F.2d at 1206.

To be well-pled, a complaint does not need detailed factual allegations, but a complaint must provide the grounds for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678. This standard, derived from motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), is "equally applicable to a motion for default judgment." *Cohan*, 309 F.R.D. at 667. Thus, a complaint requires more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. A complaint will not suffice if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *De Lotta*, 2009 WL 4349806, at *2 (quoting *Twombly*, 550 U.S. at 570).

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Once liability is established, federal courts then address the terms of the judgment. *Cohan*, 309 F.R.D. at 667. Under the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Moreover, "[i]f unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise." *Cohan*, 309 F.R.D. at 667 (citing Fed. R. Civ. P. 55(b)(1)-(2)). Pursuant to Rule 55(b)(2), "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, the Eleventh Circuit has held that, "[g]iven its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). "The district court may forego a hearing 'where all essential evidence is already of record.'" *Id.* Moreover, well-pled allegations as to damages are also admitted by a default. *See id.*

### III. Allegations of the Complaint

Plaintiffs allege that, in July 2012, Thomas Esch and Ryan Farris made an agreement for Esch to purchase an ownership interest in UPL. (Doc. 1 at 2 ¶¶ 7-8). Plaintiffs allege that OnPower transferred the funds to UPL's attorney, but that Ryan Farris refused to transfer the ownership interests to Esch. (*Id.* at ¶ 9). Additionally, prior to closing, Plaintiffs state that UPL performed storm repair work as a subcontractor for OnPower, but final payment was not made to UPL. (*Id.* at ¶ 10).

In February 2013, UPL and Ryan Farris filed suit ("Prior Lawsuit") in the Western District of Michigan against Esch and OnPower for the monies owed on the storm repair work. (*Id.* at 2-3 ¶ 11). The Prior Lawsuit also reportedly sought declaratory and equitable relief for a

finding that Mr. Esch did not have "any right to an ownership interest in UPL." (*Id.* at 3 ¶ 12). The case was transferred to this Court in November 2013.[3]

In August 2014, the parties agreed to settle the Prior Lawsuit and completed a written Settlement Agreement. (*Id.* at ¶ 16).[4] Plaintiffs state that, pursuant to the terms of the Settlement Agreement, "OnPower paid to UPL and Mr. Farris the earned contract balances under the storm repair subcontract." (*Id.* at 3-4 ¶ 17; *see also* Doc. 20 at 7 ¶ 10). In turn, UPL guaranteed repayment to Esch of the "sums previously borrowed by Charles Farris, [Defendant] Ryan Farris' father and the other member of UPL, up to the amount of $100,000.00." (Doc. 1 at 3-4 ¶ 17; *see also* Doc. 20 at 7 ¶ 10).

Paragraph 10 of the Settlement Agreement specifically provides:

[Charles Farris] owes Esch at least $100,000.00 in personal loans from Esch to [Charles Farris] and secured, in part, by the rights granted under the Option Agreement. It is anticipated that Esch will be repaid by [Charles Farris] from the proceeds of any settlement of claims between Ryan [Farris] and [Charles Farris] and/or any distribution that might become due to [Charles Farris] from UPL. However, in the event [Charles Farris] fails to do so, UPL agrees to guarantee the repayment by [Charles Farris] to Esch and promises to pay Esch directly and deduct it from [Charles Farris'] interest or amounts due to [Charles Farris] by UPL. This guarantee is limited to the amount due Esch up to the maximum amount of $100,000 only, regardless of whether the amount due to Esch is greater than $100,000.

(Doc. 1 at 4 ¶ 18; Doc. 20 at 7 ¶ 10 (alterations in original)).

In addition to the provisions of the Settlement Agreement, Plaintiffs further allege that Defendant Ryan Farris signed an Addendum guaranteeing repayment of the monies owed in Paragraph 10. (Doc. 1 at 4 ¶¶ 19-20). Specifically, the Addendum provides that Defendant

---

[3] *United Power Line Contractors, LLC et al v. OnPower, Inc. et al*, Case No. 2:13-cv-00810-JES-DNF.

[4] The Settlement Agreement is included as Exhibit A in Plaintiffs' Notice of Filing (Doc. 20).

Ryan Farris "guarantees the payment by UPL to the extent of UPL's obligations under Paragraph 10 of the Settlement Agreement. Esch will look to UPL first, and Ryan's guarantee will be effective only upon the failure of UPL under that paragraph of the Settlement Agreement." (Doc. 1 at 4 ¶ 20; Doc. 20 at 9).

Plaintiffs allege that a demand was made on Charles Farris but that Charles Farris was unable to repay the monies owed. (Doc. 1 at 4 ¶ 22). Plaintiffs allege that they then demanded payment from Defendant UPL, but UPL failed to respond or pay. (*See id.* at 5 ¶ 23-24). Finally, Plaintiffs allege that they demanded payment from Ryan Farris based on the Addendum, but Ryan Farris failed to respond or pay. (*See id.* at ¶¶ 24-25).

Plaintiffs sued both UPL and Ryan Farris for breach of the Settlement Agreement. (*Id.* at 5-9). Plaintiffs request that judgment be entered "in the amount of at least $100,000" against both UPL and Ryan Farris, jointly and severally. (*Id.* at 7 ¶ (a)). Plaintiffs also seek a declaration that:

> (a) the Settlement Agreement is valid and enforceable; (b) United Power Line Contractors, LLC's guarantee obligation to Thomas Esch under Paragraph 10 is valid and enforceable; (c) Ryan Farris' guarantee obligation to Thomas Esch under the Addendum is valid and enforceable; (d) United Power Line Contractors, LLC's and Ryan Farris' obligations to pay Thomas Esch are now due and there are no remaining conditions precedent to their respective payment obligations to Thomas Esch . . . .

(Doc. 1 at 7 ¶ (b)).

   **IV.   Analysis**

As an initial matter, the Undersigned finds that jurisdiction is proper pursuant to 28 U.S.C. § 1332. At the time Plaintiffs filed suit, Plaintiffs appear to be citizens of Florida, while Defendants appear to be citizens of Michigan. (Doc. 1 at 1-2 ¶¶ 1-4). Additionally, the amount

in controversy exceeds $75,000.00 because Plaintiffs specifically seek judgment against Defendants in the amount of $100,000.00. (*Id.* at 7 ¶ (a)).

Further, as stated above, the Court "must accept well-pled facts as true." *De Lotta*, 2009 WL 4349806, at *2. In this instance, upon consideration of the allegations contained in the Complaint, the Undersigned finds the following well-pled facts must be accepted as true:

The parties entered into a Settlement Agreement relating to the Prior Lawsuit. (Doc. 1 at 2-3 ¶ 11). Under Paragraph 10 of the Settlement Agreement, Charles Farris (Defendant Ryan Farris' father) owed Plaintiff Esch at least $100,000.00 in personal loans. (Doc. 1 at 4 ¶ 18). UPL guaranteed repayment by Charles Farris to Esch. (*Id.*). This guarantee was limited to the amounts due to Esch up to the maximum amount of $100,000.00, regardless of whether Charles Farris owed Esch amounts greater than $100,000.00. (*Id.*).

Defendant Ryan Farris signed an Addendum to the parties' Settlement Agreement. (*Id.*). In the addendum, Ryan Farris personally guaranteed repayment by UPL to Esch to the extent of UPL's obligations under Paragraph 10 of the Settlement Agreement. (*Id.* at 19-20). Under the terms of the Addendum, Plaintiff Esch agreed to look to UPL for repayment first. (*Id.* at ¶ 20). If UPL failed to repay Esch, then Defendant Ryan Farris would be liable under the terms of the Addendum. (*Id.*).

Plaintiffs made a demand on Charles Farris, but Charles Farris was unable to repay the monies owed. (*Id.* at 20-21). Plaintiffs then demanded payment from Defendant UPL, but Defendant UPL failed to respond or pay. (*See id.* at 5 ¶¶ 23-24). Finally, Plaintiffs demanded payment from Defendant Ryan Farris under the Addendum, but Defendant Farris failed to respond or pay. (*See id.* at ¶¶ 24-25). Thus, under the terms of the Addendum, because Plaintiffs sought repayment from UPL before seeking payment from Ryan Farris and because

UPL failed to pay, Defendant Ryan Farris is liable to Plaintiffs pursuant to the Addendum for the full amount owed under Paragraph 10 of the Settlement Agreement.

As to the amount owed to Plaintiffs by Ryan Farris, the Undersigned finds that there is sufficient information in the record so that a hearing on damages is not required. *See Giovanno*, 804 F.3d at 1366. Specifically, the Complaint (Doc. 1), the Exhibits to the Complaint (Doc. 20), and the Unsworn Declaration of Thomas Esch (Doc. 10-1) all demonstrate that Esch was owed an amount greater than $100,000.00 from personal loans. As stated above, well-pled allegations as to damages are admitted by Farris' default. *See Giovanno*, 804 F.3d at 1366. Thus, despite being owed more than $100,000.00, repayment was only guaranteed up to $100,000.00. (Doc. 1 at 4 ¶ 18). Plaintiffs received no payment for any of the amounts owed. (*Id.* at 4-5 ¶¶ 21-25). Accordingly, because no payments were made to Plaintiffs and because the amounts owed exceed $100,000.00, Plaintiffs are owed the full amount of $100,000.00 under Paragraph 10 of the Settlement Agreement.

Turning to the specific terms of the judgment, Plaintiffs seek judgment against both Defendants for breach of the Settlement Agreement "in the amount of at least $100,000.00," jointly and severally. (*Id.* at 7 ¶ (a)). Plaintiffs also seek a declaration that:

> (a) the Settlement Agreement is valid and enforceable; (b) United Power Line Contractors, LLC's guarantee obligation to Thomas Esch under Paragraph 10 is valid and enforceable; (c) Ryan Farris' guarantee obligation to Thomas Esch under the Addendum is valid and enforceable; (d) United Power Line Contractors, LLC's and Ryan Farris' obligations to pay Thomas Esch are now due and there are no remaining conditions precedent to their respective payment obligations to Thomas Esch . . . .

(*Id.* at 7 ¶ (b)).

In this instance, however, the Court can only enter default judgment against Defendant Ryan Farris. The Court cannot enter default judgment against Defendant UPL because a clerk's

default was never entered against UPL. Thus, the Undersigned can only recommend a default judgment – based on the terms requested by Plaintiffs above – as to Defendant Ryan Farris. The Undersigned's recommendation should not be construed as recommending that any relief be granted as to Defendant UPL.

Accordingly, based on the findings from Plaintiffs' well-pled allegations, the Undersigned recommends that default judgment be entered against Ryan Farris, individually, in the amount of $100,000.00. Additionally, the Undersigned further recommends that the default judgment declare that the Settlement Agreement is valid and enforceable as to Ryan Farris; that Ryan Farris' guarantee obligation to Thomas Esch under the Addendum is valid and enforceable; that Ryan Farris' obligation to pay Thomas Esch is now due; and that there are no remaining conditions precedent to Defendant Farris' payment obligations to Thomas Esch. (*See id.*).

## CONCLUSION

Because Plaintiffs appear to have satisfied the requirements for default judgment to be entered against Defendant Ryan Farris, **IT IS RESPECTFULLY RECOMMENDED THAT:**

1) Plaintiffs' Renewed Motion for Entry of Default Judgment against Ryan Farris (Doc. 16) be **GRANTED**.

2) Default judgment be entered against Ryan Farris, individually, in the amount of $100,000.00. The Undersigned further recommends that the default judgment declare that the Settlement Agreement is valid and enforceable as to Ryan Farris; that Ryan Farris' guarantee obligation to Thomas Esch under the Addendum is valid and enforceable; that Ryan Farris' obligation to pay Thomas Esch is now due; and that there are no remaining conditions precedent to Defendant Farris' payment obligations to Thomas Esch.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 9, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties