UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ONPOWER, INC. and THOMAS ESCH,

    Plaintiffs,

v.                                                      Case No:   2:15-cv-796-FtM-99MRM

UNITED POWER LINE CONTRACTORS,
LLC and RYAN FARRIS,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause comes before the Court, *sua sponte*, on the Order to Show Cause as to Plaintiffs Thomas Esch and OnPower, Inc. (Doc. 18) issued by this Court on April 13, 2016.

### I.    Background

    Plaintiffs brought this action to enforce a settlement agreement.  (*See* Doc. 1).  Plaintiffs attempted service on both Defendants, United Power Line Contractors, LLC and Ryan Farris. (*See* Docs. 6-7).  After attempting to effectuate service, Plaintiffs filed motions for clerk's defaults against both Defendants.  (Docs. 8-9).  After review, the Court granted the motion for entry of clerk's default as to Defendant Ryan Farris but denied it as to Defendant United Power Line Contractors, LLC.  (Doc. 14 at 3-4).

    On April 13, 2016, the Court noted that while default had been entered against Defendant Ryan Farris, Plaintiffs had not shown "that they properly effectuated service of process against Defendant United Power Line Contractors LLC." (Doc. 18 at 1 (citing Doc. 14 at 3)).  Because Plaintiffs had not demonstrated to the Court whether any subsequent action had been taken as to Defendant United Power Line Contractors, LLC, the Court ordered Plaintiffs to

show cause within fourteen (14) days why the claims against Defendant United Power Line Contractors, LLC should not be dismissed for failure to prosecute. (Doc. 18 at 1). The Court warned that "[i]f Plaintiffs fail to show sufficient cause, then the Undersigned will recommend that the action as to Defendant United Power Line Contractors LLC be dismissed for failure to prosecute." (Doc. 18 at 1). Plaintiffs did not timely respond within the fourteen (14) day period.

Despite filing other submissions to the Court (*see* Doc. 20), Plaintiffs have not timely responded to the Order to Show Cause, nor have they otherwise demonstrated that they wish this action to proceed as to Defendant United Power Line Contractors, LLC.

**II.     Legal Standard**

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit further stated that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).

### III. Analysis

While dismissal for lack of prosecution is a harsh sanction, in this case, the Undersigned cannot come to any other conclusion than that the delay undertaken by Plaintiffs and their failure to timely respond to the Court's Order to Show Cause is willful. *See McKelvey*, 789 F.2d at 1520. As stated above, the Court issued the Order to Show Cause on April 13, 2016. (Doc. 18). Plaintiffs did not respond within fourteen (14) days. Later, on May 9, 2016, the Court entered an Amended Order (Doc. 19). Plaintiffs complied with other orders (*see* Doc. 20), but, despite having ample opportunity to do so, Plaintiffs did not respond to the Order to Show Cause. Plaintiffs have not demonstrated that they wish this action to proceed as against Defendant United Power Line Contractors, LLC. Thus, the Court can only view Plaintiffs' actions as to Defendant United Power Line Contractors, LLC as willful delay warranting dismissal for failure to prosecute. *See McKelvey*, 789 F.2d at 1520.

Accordingly, **IT IS RESPECTFULLY RECOMMENDED THAT:**

The present action as to Defendant United Power Line Contractors LLC be dismissed for failure to prosecute.

Respectfully recommended in Chambers in Fort Myers, Florida on June 9, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties